UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Todd T. Malmborg, | ) | Bankr. No. 22-06603 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |
| | ) | |

**Amended Opinion on Creditor's Motion to Vacate the Confirmation Order (Docket 19)**

This matter comes before the court on the Motion of Kevin M. Hanna ("Creditor" or "Mr. Hanna") to Vacate the Order Confirming the Chapter 13 Plan ("Motion to Vacate") (Docket 19) of the Debtor, Todd T. Malmborg ("Debtor"). For the reasons stated in this opinion, this court hereby denies the Creditor's Motion to Vacate.

## I. Jurisdiction

This court has jurisdiction to decide this matter because it is a proceeding arising under the Bankruptcy Code that was referred to this court by the U.S. District Court for the Northern District of Illinois. *See* 28 U.S.C. §§ 157(a), 1334; N.D. Ill. Operating Procedure 15(a) and its Local Rule 40.3.1. This is a "core" proceeding, a matter which this court has authority to determine: "matters concerning the administration of the estate" and the "confirmation of plans." 28 U.S.C. § 157(b)(2)(A), (L).

## II. Background

This matter concerns Creditor's claim for pre-petition expenses he allegedly incurred during his former relationship with the Debtor,[1] which allegedly ended in February 2019.[2]

---

[1] The state court complaint states that from March 1998 through July 2019, Mr. Hanna paid over $233,427 to the Debtor's creditors including "mortgage payments, condominium assessments and special assessment[s], utilities, storage locker [expenses], and improvement/repairs of property located at 911 W Windsor Ave, 2E, Chicago, IL 60640." *See* Motion to Vacate (Docket 19), ¶ 2; Ex. B, ¶ 3, *In re Malmborg*, Bankr. No. 22-bk-06603

Pre-petition, on January 28, 2021, Mr. Hanna filed a Petition for a protective order in the Circuit Court of Cook County, seeking to protect items in storage. Response (Docket 22); Ex. 1; *see also* Disposition Order, *Hanna v. Malmborg*, No. 2021 OP 70647 (Ill. Cir. Court June 4, 2021); Reply (Docket 25), p. 9. According to the Debtor, the Judge told the Debtor to allow Mr. Hanna to remove his property and he complied. Response (Docket 22), p. 4. The petition for a protective order was denied because "Petitioner failed to meet his burden." *See* Response, Ex. 1; Disposition Order, *Hanna v. Malmborg*, No. 2021 OP 70647; *see also* Reply, p. 9.

Also, pre-petition, on May 16, 2022, Creditor filed a complaint in the Circuit Court of Cook County against Debtor for unjust enrichment, breach of quasi-contract, money had and received, conversion, and replevin. Motion to Vacate, ¶ 2; Ex. B, ¶¶ 9-40; *see also* Complaint, ¶¶ 9-40, *Hanna v. Malmborg*, No. 2022 L 004377.[3] Mr. Hanna essentially argues that from 2010 to 2019, he helped to pay the Debtor's mortgage, condominium assessments, special assessments, and storage locker expenses based on the Debtor's promise that Mr. Hanna would be added to the title of the home at 911 W. Windsor Avenue, 2E, Chicago, Illinois. Reply, pp. 9-10. However, the Debtor never added

---

(Bankr. N.D. Ill. filed June 13, 2022); *see also* Complaint, ¶ 3, *Hanna v. Malmborg*, No. 2022 L 004377 (Ill. Cir. Court May 16, 2022).

However, although it is not entirely clear, based on the Debtor's Response (Docket 22), it appears that the bulk of expenses that Mr. Hanna is seeking reimbursement for occurred in a three-year period between 2009 to 2012. *See* Response, p. 4. Mr. Hanna failed to dispute that assertion. *See* Motion to Vacate, ¶ 2; Ex. A (a demand letter from Mr. Hanna's counsel to the Debtor, which makes a demand for $260,000 and states that Mr. Hanna "paid all your [Debtor's] expenses during a three years [*sic*] period while you [Debtor] were unemployed," but fails to state when the three-year period occurred).

The court notes that under Illinois law, the statute of limitations for breach of an unwritten contract, including an oral contract, is five years. *Clark v. Robert W. Baird Co.*, 142 F. Supp. 2d 1065, 1075 (N.D. Ill. 2001) (citations omitted); *see also* 735 ILCS 5/13-205.

[2] *See* Response, pp. 1-2; Reply, p. 10.

[3] The demand letter states that further action would be taken if funds and personal property were not returned; it did not say that a lawsuit would be filed or had been filed. Motion to Vacate, Ex. A.

Mr. Hanna to the title of the home. *Id.*

On June 13, 2022, the Debtor filed for Chapter 13 bankruptcy. Petition (Docket 1). On August 1, 2022, this court entered an Order Confirming Debtor's Chapter 13 Plan ("Confirmation Order"). Confirmation Order (Docket 17); Plan (Docket 3). It is undisputed that Creditor did not receive notice of the bankruptcy petition or the Chapter 13 plan. *See* Motion to Vacate; Response; and Reply.

On February 6, 2023, Creditor filed the instant Motion to Vacate seeking to vacate the order confirming Debtor's Chapter 13 plan. Motion to Vacate.

### III. Analysis

Creditor alleges the Confirmation Order should be vacated under Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 9024 on constitutional grounds; he argues he was left out of the Schedules and the Petition and was not otherwise given notice of the bankruptcy case, which violated his due process rights. *See* Motion to Vacate, ¶¶ 10-14.

### A. Definition of a "creditor" and a "claim" under the Bankruptcy Code

As is relevant here, a "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." *See* 11 U.S.C. § 101(10)(A). "Claim" is defined broadly to include a "right to payment, *whether or not such right is reduced to judgment,* liquidated, unliquidated, fixed, contingent, matured, unmatured, *disputed,* undisputed, legal, equitable, secured, or unsecured." *See* 11 U.S.C. § 101(5)(A) (emphasis added).

In his Response, the Debtor argues that Mr. Hanna has failed to show that he is a creditor and that Mr. Hanna did not receive notice of the Chapter 13 proceedings because he was neither a "creditor" nor a "party in interest." *See* Response, p. 2. Debtor alleges that Mr. Hanna is seeking

repayment of funds he paid for three years during their relationship while Debtor was unemployed. *Id.*[4] He essentially argues Mr. Hanna has no claim because "[t]here was no promise of repayment, no documentation of a loan, and most importantly, they were both sharing the benefits of the household." *Id.*, pp. 2-3.

However, Mr. Hanna persuasively argues that he is a creditor. *See* Reply, p. 5. It appears that Mr. Hanna holds a non-contingent disputed claim, since the Debtor disputes liability and the amount of the claim and "all events giving rise to liability occurred pre-petition." *See In re Jordan*, 166 B.R. 201, 202 (Bankr. D. Me. 1994). The court will not make any findings regarding whether the claim is liquidated until the conclusion of the state court case and a determination by the Debtor whether to handle the claim in his Chapter 13 plan. *Id.* (citing *In re McGovern*, 122 B.R. 712, 715 (Bankr. N.D. Ind. 1989) ("A claim is liquidated 'if the amount due can be readily ascertained either by reference to an agreement or by simple mathematics.'").

## B. Revocation of Confirmation Orders

Under 11 U.S.C. § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, *whether or not the claim of such creditor is provided for by the plan*, and whether or not such creditor has objected to, has accepted, or has rejected the plan." *See* 11 U.S.C. § 1327(a) (emphasis added). Hence, the Bankruptcy Code has a "policy toward finality in confirmation orders" with the rationale being that all parties should be able to rely on the confirmation order, "without concern that actions that they may later take could be upset because of a later change or revocation

---

[4] In his Response, the Debtor also argues that "[t]hroughout he relationship, Hanna was sometimes unemployed, and during that time Debtor took over most expenses." Response, p. 4. He states that in 2016, he refinanced his home and used some of the equity therefrom to pay "a portion of Hanna's credit card debt" and "purchased a 2011 Toyota Rav 4 and added Hanna to the title." *Id.*

-4-

of the order." *See In re Erdmann*, 446 B.R. 861, 865-66 (Bankr. N.D. Ill. 2011) (citing 8 COLLIER ON BANKRUPTCY ¶ 1327.02[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)). Thus, revocation of confirmation orders is allowed only in certain limited circumstances, which include (1) when the confirmation order "was procured by fraud" and (2) where the confirmation order was entered in violation of a particular creditor's due process rights. *See, e.g., In re Williams*, No. 19 BK 22007, 2020 WL 2301177, at *2-3 (Bankr. N.D. Ill. May 7, 2020) (citations omitted); *In re Erdmann*, 446 B.R. at 865-66 (citations omitted).

However, Mr. Hanna is not seeking revocation under Bankruptcy Code section 1330. *See* 11 U.S.C. § 1330; Reply, p. 2. His request to vacate the confirmation order is sought under Fed. R. Bankr. P. 9024(b)(4), which allows relief from judgments found to be void.

### 1. Due Process

The constitutional right to due process entitles a party to "notice" and the "opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citations omitted). "As applied to a creditor in bankruptcy, this requires the creditor to have notice and an opportunity to be heard of an action that might be taken with respect to its claim." *In re Williams*, 2020 WL 2301177, at *2 (citing *Midway Motor Lodge v. Innkeepers' Telemanagement & Equip. Corp.*, 54 F.3d 406, 408 (7th Cir. 1995)). The confirmed plan takes no action regarding Mr. Hanna's claim.

Creditor argues his due process rights were violated, since he was not provided "notice" of the bankruptcy case or plan and therefore "did not have an opportunity to dispute the proposed plan." Motion to Vacate, ¶¶ 14-15.

The Debtor alleges Creditor's due process rights were not violated because he does not have a "claim" against the Debtor, since the "unajudicated complaint" and "unsupported demand for

-5-

repayment of an amount he allegedly paid to the household he was living in" do not show Creditor

has a claim against him. *See* Response, p. 3. However, this argument appears to go more towards

the validity of the claim, and not whether Mr. Hanna is a "creditor" or has a "claim."

Moreover, Creditor Hanna mistakes situations where an unnoticed creditor has his or her

claim covered by a plan with a situation where an unnoticed creditor's claim is not included in a

confirmed plan.

In *In re Willams*, a creditor's secured claim was treated in a confirmed plan: the creditor

would receive $50 a month on its $13,172 claim at an interest rate of 0%. *See In re Williams*, No.

19 BK 22007, 2020 WL 2301177, at *1 (Bankr. N.D. Ill. May 7, 2020). Notice of the bankruptcy

case and the confirmation hearing were sent to the wrong address. *Id.* The confirmation order was

vacated as to that creditor on due process grounds. *Id.* at *2-3.

That case does not help Mr. Hanna. The confirmed plan does not cover his claim, which the

Debtor prefers to handle outside bankruptcy, as stated at the April 3, 2023 hearing.

Generally, an unscheduled creditor cannot overcome a timeliness objection to allowance after

the deadlines in Bankruptcy Rule 3002© have passed, even where the creditor is without notice of

the Chapter 13 case.[5] However, courts have recognized that the Bankruptcy Code protects the rights

---

[5] Keith M. Lundin, LUNDIN ON CHAPTER 13, § 133.2, at ¶ 3 n.8, LundinOnChapter13.com (last visited May 3, 2023) (citations omitted); *see* Fed. R. Bankr. P. 3002©; *see also In re Wright*, 300 B.R. 453, 458-59 (Bankr. N.D. Ill. Oct. 20, 2003) (the bankruptcy court found it lacked authority to permit late filing of a proof of claim by a poorly scheduled creditor) (citing 11 U.S.C. § 502(b)(9)); *In re Sykes*, 451 B.R. 852, 856-862 (Bankr. S.D. Ill. Apr. 6, 2011) (finding that the court did not have authority to extend the bar date for an unscheduled creditor to file a claim) (citing 11 U.S.C. §§ 502(b)(9), 523(a)(3), 1328(a)(2); Fed. R. Bankr. P. 3002©, 3004)).

-6-

of creditors without notice in other ways, including relief from the stay, relief from the confirmation order, and by exception to discharge.[6]

### C. Domestic Relations Exception

As will be explained further in this opinion, there are multiple obstacles, including the principles of the domestic relations exception to federal jurisdiction, that lead this court to determine that the state court has to resolve Mr. Hanna's claim. *See Hickey v. Duffy*, 827 F.2d 234, 237-39 (7th Cir. 1987) (citations omitted) (discussing the domestic relations exception as a consideration weighing in favor of refraining from deciding the merits of a matter).

Regarding this exception, in 1858, the United States Supreme Court stated that: "[t]his court disclaims altogether any jurisdiction in the courts of the United States upon the subject of divorce or for the allowance of alimony, either as an original proceeding in chancery, or as an incident to a divorce *a vinculo*, or to one from bed and board." *Barber v. Barber*, 62 U.S. 582, 583 (1858). "The domestic relations exception 'denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of domestic relations court.'" *In re Sharif (Sharif v. Fox)*, 627 B.R. 889, 899 (Bankr. N.D. Ill. 2021) (citing *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006)), *aff'd*, No. 21 C 1330, 2022 WL 6750893, at *1, *6 (N.D. Ill. Oct. 11, 2022) *and* No. 21 C 3500, 2022 WL 6751930, at *1, *8 (N.D. Ill. Oct. 11, 2022).

"The state courts 'have more experience in divorce, alimony, and child custody matters and are more closely associated with the state and local government organizations dedicated to handling

---

[6] Lundin, *supra* note 5, § 133.2, at ¶ 9 (citations omitted); *see also In re Wright*, 300 B.R. at 466 (reasoning that due process concerns raised by "the severe and inflexible nature of the claims-allowance procedure" are rectified by § 362(d)(1), "which empowers the Court to grant relief from the automatic stay of § 362(a) for 'cause'") (citing 11 U.S.C. § 362(d)(1)).

such issues.'" *Id.* (citing *Dillon v. Alan H. Shifrin & Assocs., LLC*, 2017 WL 2480706, at *3 (N.D. Ill. June 8, 2017)). "Although the exception deals only with the diversity jurisdiction, the principles behind the exception suggest that a federal court should construe narrowly any federal question jurisdiction that it may possess, when the identical question is pending before the state court with jurisdiction of family law." *Hickey v. Duffy*, 827 F.2d at 239 (citation omitted); *Cf. Lynk v. LaPorte Super. Ct. No. 2*, 789 F.2d 554, 558-59 (7th Cir. 1986) (contrary ruling).

Here, based on the parties' papers, it appears that both the Debtor and Creditor, Mr. Hanna, are residents of the state of Illinois, and thus diversity jurisdiction is not implicated. *See, e.g.*, Motion to Vacate, Ex. B, ¶¶ 1-2 (stating that Mr. Hanna "resided in Cook County, Illinois" and Debtor "resides in Cook County, Illinois").

Even if Mr. Hanna had timely filed a proof of claim, for the reasons explained below, this court would exercise discretion under 28 U.S.C. § 1334(c)(2) to abstain from hearing an objection to it "because they [it] can probably be . . . timely adjudicated in the state court forum." *In re Sharif*, 627 B.R. at 899 (citation omitted). The state court case is ongoing and the Debtor prefers to resolve the case outside bankruptcy. "[T]his court will not try to second guess what a state court judge [will do] in resolving the matters there." *Id.*

### D. Abstention

This is a "core" proceeding. 28 U.S.C. § 157(b)(2)(A), (L). This court's authority to hear and enter final orders in this matter is not disputed, but it will consider whether permissive abstention is appropriate, given that the determination of whether Mr. Hanna's claim should have been included in the plan is closely tied to the state court matter. Permissive, or discretionary abstention, is governed by 28 U.S.C. § 1334(c)(1), which states that "[n]othing in this section

-8-

prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." *In re Repurchase Corp.*, 329 B.R. 832, 835 (Bankr. N.D. Ill. 2005) (citing § 1334(c)(1)). When determining if permissive abstention is appropriate, the court considers the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden [on] the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.

*Silver-Hacker v. Allen (In re Allen)*, Ch. 7 Case No. 20-05391, Adv. No. 20-00214, 2022 WL 855321, at *5 (Bankr. N.D. Ill. Mar. 22, 2022) (citing *Matter of Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993); *In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 817 (Bankr. N.D. Ill. 2008)).

"No single factor is 'determinative' in a decision to abstain because 'each factor's degree of relevance and importance is dependent on the circumstances of each case.'" *Id.* (citing *In re Repurchase Corp.*, 329 B.R. at 836).

Factor 1, the "effect" of abstention on the efficient administration of the estate, weighs in favor of abstention. Similar to *In re Allen*, Mr. Hanna is asserting a claim for money against the Debtor. *Id.* (citing 11 U.S.C. § 101(5)); *see also* Motion to Vacate (Docket 19). As in *In re Allen*,

it is more efficient to have the state court determine the liability and amount, if any, of damages that the Debtor owes to Mr. Hanna before this court considers vacating the confirmation order or has the plan address Mr. Hanna's currently disputed claim. *In re Allen*, 2022 WL 855321, at *5; *see also* Complaint, ¶¶ 9-40, *Hanna v. Malmborg*, No. 2022 L 004377.

Factors two, three, four, and eight concern state law. Factor two, the "extent to which state law issues predominate over bankruptcy issues," weighs in favor of abstention. The bankruptcy court has authority to handle "matters concerning the administration of the estate" and the "confirmation of plans," which are clearly "core" matters, but here, the debt at issue arose pre-petition in a state court case, and the amount of the debt is in dispute. This matter does not involve central bankruptcy issues, except for the confirmation of the plan and whether Creditor's claim should have been included in the plan, supporting abstention until the remaining issues in the state court matter are resolved. *See* 28 U.S.C. § 157(b)(2)(A), (L); *In re Allen*, 2022 WL 855321, at *6 (citing *In re Fulkerson*, No. A12-4091-TLS, 2013 WL 3353844, at *3 (Bankr. D. Neb. July 3, 2013)).

Factor 3, the "difficulty or unsettled nature of applicable state law," weighs in favor of abstention. The state law regarding domestic partners should be respected; this matter should be resolved consistently with that policy, whatever it is

Factor 4, "the presence of a related proceeding commenced in state court," weighs in favor of abstention because the state court proceeding is "related" to resolution of Creditor's Motion to Vacate, since the debt at issue arose in the state court matter and both proceedings stem from the same facts and issues regarding Debtor's pre-petition conduct in relation to Mr. Hanna.

-10-

Factor 8, "the feasibility of severing the state law claims to allow judgment to be entered in state court with enforcement left to the bankruptcy court," weighs in favor of abstention. Since the claims upon which the alleged debt is based arise under state law and the state court case is still pending, it is feasible for the state court to rule on Mr. Hanna's claims of unjust enrichment, breach of quasi-contract, money had and received, conversion, and replevin and to allow the state court to enter judgment on the Debtor's liability and damages or other appropriate remedy. *See* Motion to Vacate, ¶ 2; Ex. B; Complaint, ¶¶ 9-40, *Hanna v. Malmborg*, No. 2022 L 004377.

Factor 5 weighs, "the jurisdictional basis, if any, other than 28 U.S.C. § 1334," weighs against abstention. This is a "core" proceeding concerning "matters concerning the administration of the estate" and the "confirmation of plans." 28 U.S.C. § 157(b)(2)(A), (L). While factor 5 weighs against abstention, it is outweighed by the other factors.

Factor 6, "the degree of relatedness or remoteness of the proceeding to the main bankruptcy case," does not weigh in favor of or against abstention. The issues that will be left to state court for adjudication are related to the bankruptcy case, since they affect the appropriateness of the confirmed plan and Mr. Hanna's rights in the bankruptcy case, if any; however, they are not so closely related that the state court's rulings would impinge on this court's responsibilities or authority.

Factor 7, "the substance rather than form of an asserted 'core' proceeding," weighs in favor of abstention. The substance of Creditor's Motion to Vacate is that he should have been given notice of the bankruptcy proceedings because he has a pre-petition claim against the Debtor. However, regarding the substance of the alleged claim at issue, the state court is the best place to determine and apply Illinois law on domestic partnerships.

Mr. Hanna should have been given notice herein. However, he has not been prejudiced, as his claim has not been reduced or delayed by operation of the Bankruptcy Code; it has not been treated in the confirmed plan.

Factor 9, "the burden [on] the bankruptcy court's docket," weighs in favor of abstention. Similar to *In re Allen*, the bankruptcy court would probably have to determine the monetary value of Creditor's disputed claim based on the unresolved causes of action in the state court matter. *See* 2022 WL 855321, at *7. This court would also have to address whether domestic partners have the kinds of claims asserted herein.

Factor 10, "the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties," weighs in favor of abstention. Mr. Hanna has already brought suit alleging various state law claims in the Circuit Court of Cook County. Having the bankruptcy court rule on the validity and monetary value of Mr. Hanna's claim before the state court determines the Debtor's liability and the amount of damages may encourage forum shopping and could lead to entry of conflicting judgments.

Factor 11, "the existence of a right to a jury trial," does not weigh in favor of or against abstention. The court has no indication that Mr. Hanna made a jury demand in the state court matter.

Factor 12, "the presence in the proceeding of nondebtor parties," is "of considerable importance." *Id.* at *7 (citing *In re Repurchase Corp.*, 329 B.R. at 428). A nondebtor party's right "to a nonbankruptcy forum, particularly if a jury trial right exists in a nondebtor's case, presents a compelling reason for abstention." *In re Repurchase Corp.*, 329 B.R. at 428-29. Since Mr. Hanna, a nondebtor party, has already brought related claims against the Debtor in state court, a nonbankruptcy court forum, this factor weighs in favor of abstention.

## IV. Conclusion

The Motion to Vacate will be denied. The Creditor has not shown that his due process rights have been violated. His claim has not been affected by the bankruptcy case, meaning that the confirmation order is not void under Fed. R. Bankr. P. 9024(b)(4). Most of the aforementioned relevant factors would weigh in favor of abstention if Mr. Hanna could file a claim herein. Permitting the state court to resolve Creditor's claims for unjust enrichment, breach of quasi-contract, money had and received, conversion, and replevin would result in an efficient use of judicial resources and would avoid the issue of forum shopping and the possibility of conflicting state and federal court rulings. After the state court has determined the Debtor's liability and the appropriate damages or other remedy therein, if any, the Debtor can decide how to deal with the situation.

Mr. Hanna's due process rights have not been harmed, as his claim remains intact for the Debtor to deal with outside of Chapter 13. Recall that Bankruptcy Code § 1327 states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, . . . ." 11 U.S.C. § 1327(a). The plan says nothing about Mr. Hanna's claim, meaning that it does not affect his rights.

A separate order will be entered to reflect that the Motion to Vacate will be denied.

*Jacqueline P. Cox*

**Date**: May 4, 2023                    **ENTER**: _____ J.Cox _____
Hon. Jacqueline P. Cox
United States Bankruptcy Judge